DISSENT.

Judge Underwood

dissenting from the majority of the court, delivered his own opinion as follows:

It is my opinion, that the injunction in this cause should have been perpetuated. The defendant admits that the services actually rendered by him,were worth no more than $20 ; but he insists, he is entitled to the whole fee, because he was ready to perform the balance of the service contemplated at the time the obligation was executed, and would have done so, had he not been prevented by the conduct of the testator of the plaintiffs in error. It appears, from the pleadings and admissions on record, that E. Mitcherson being indicted for forgery, employed Dozier, an attorney at law, to defend him, and executed his note for the fee during the Fall term, that Dozier attended court at the Spring, term, ready to defend, but that Mitcherson failed to attend having killed himself between the execution of the note and the trial.
Dozier insists, that it was Mitcherson’s fault, by taking his own life, that prevented the performance of the balance of the service which he, as counsel, could otherwise have discharged at the Spring term, and therefore, it should be taken, that he had performed. I admit the general rule that, if either party to a contract, by his fault; prevents the other from performing, it furnishes an excuse for the non-performance which will be as good as the performance to entitle the party so prevented, to his action. I am, also, willing to allow, that if Mitcherson had appeared in court at the Spring term, to answer the •indictment, Dozier would have exerted his best tal<ents4n the defence. But, still I am unwillingly con-sidering the circumstances of this base to decree money to Dozier, which he himself acknowledges,-was never earned and now never can be. If Mitcherson •had died a natural death, surely Dozier would not have been entitled to the whole fee. Actus Dei ladit *57 nenini. If the maxim is true, that the act of God shall work injury to no man, it seems to me that it would be a violation of the maxim to permit Dozier to profit without labor, or expense, and to inflict a correspondent loss upon others, in case Mitcherson had come to his death in the ordinary course of age and decay,' or, by sudden disease or accident. If all this be conceded, yet it may be contended that the maxim quoted does not apply to the case of ajelo de se, and as it is admitted that Mitcherson killed himself, it- may be urged that his death was voluntary, and therefore, it makes out an excuse for Dozier equivalent to his performance. It has always presented to me a question of difficulty, whether any one could be considered of sane mind, who voluntarily takes his own life. Without deciding that a person who violates the first and paramount law of nature by laying violent hands on his own life, must be insane, it may, I think, be safely affirmed that it requires powerful excitement to prepare the mind for such an act, and that under the state of feeling necessary to induce the deed, the faculties of the mind are not in a natural condition, and consequently, that a jelo de se is not in tiie general capable of reflecting and reasoning with that degree of perfection which he would, if laboring under no such unnatural excitement. It frequently happens, that those who take their own lives are absolutely deranged. Now, it seems to me, that if Mitcherson took his own life in a fit of derangement, it may have been done under such circumstances, as that the act would be no more chargeable to him, than .if he had died a natural death. It does not appear, tinder what circumstances Mitcherson took his life. It is admitted, that he killed himself, and that is all. The failure of the consideration is shewn by the death of Mitcherson, admitted in the answer, and if his death took place under such circumstances as to entitle Dozier to his full fee, I think he ought to have shewn it. He has not done so.
But again, could Mitcherson be in default for not appearing in court at the Spring term, when he was dead? Will his recognisance be forfeited and his executor, or his bail, be compelled to pay the mo *58 ney if he committed suicide, without the least puliation arising from the condition of his mind? I am disposed to think, that his death, without regard to the manner of it, discharges the recognisance and releases his bail, and Í am, likewise, inclined not to consider the manner of iiis death, and seize on that as shewing no failure of consideration, when if he had died a natural death, it would, in my opinion, be a clear case. I do not regard the case as the same in principle as that of Majors vs. Hickman, II. Bibb, 216. I therefore dissent from the opinion-delivered.